**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,                                        Case No. 99-CR-80399
                                                                     Case No. 05-CV-70482-DT

v.

JOSEPH COLBERT,

                    Defendant.

_____/

**OPINION AND ORDER GRANTING THE GOVERNMENT'S "MOTION TO TRANSFER
TO THE COURT OF APPEALS PETITIONER'S SECOND SUPPLEMENT
TO MOVANT'S SECTION 2255 MOTION"**

          Pending before the court is the Government's June 20, 2005 "Motion to Transfer

to the Court of Appeals Petitioner's Second Supplement to Movant's Section 2255

Motion with Incorporated Brief."  The court has determined that no hearing is required in

this matter.  E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant

the Government's motion.

**I.  BACKGROUND**

          On December 1, 1999, Petitioner Joseph Colbert was convicted of two counts of

bank robbery, in violation of 18 U.S.C. § 2113(a).  On April 24, 2000, Petitioner was

sentenced to 240 months of imprisonment on each count, to be served concurrently,

followed by a supervised release term of three years on each count, to be served

concurrently.  Petitioner filed a timely notice of appeal and his conviction and sentence

were affirmed by the United States Court of Appeals for the Sixth Circuit on February

12, 2002.  *United States v. Colbert*, 2002 WL 31873484 (6th Cir. Feb. 12, 2002).

Petitioner filed a petition for *writ of certiorari* with the United States Supreme Court which was denied on February 28, 2003.  Petitioner filed his initial § 2255 motion on February 7, 2005.  He then filed his first motion to supplement his habeas petition on February 22, 2005 and his second supplement to his motion on May 6, 2005.

## II.  STANDARD

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A);  *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals without regard to the merits of the petitioner's claims.  *Id.* at 971; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

## III.  DISCUSSION

"By statute, Congress provided that a habeas petition 'may be amended. . . as provided in the rules of procedure applicable to civil actions.'" *Mayle v. Felix*, 125 S. Ct.

2

2562, 2566 (2005) (citing 28 U.S.C. § 2242).  In the context of civil actions, an amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2). The United States Supreme Court has elaborated on what constitutes the same "conduct, transaction, or occurrence" in the context of habeas petitions, holding that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle*, 125 S. Ct. at 2566.  Indeed, "Rule 15(c) does not apply where the prisoner's proposed amendment makes claims or is based on occurrences 'totally separate and distinct in both time and type' from those raised in his original motion."  *United States v. Hicks,* 283 F. 3d 380, 388 (D.C. Cir. 2002) (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)).  The relation back doctrine applies when the amendment "clarifies or amplifies a claim or theory" in the original § 2255 petition.  *United States v. Thomas*, 221 F. 3d 430, 438 (3d Cir. 2000).

In Petitioner's initial habeas petition, he argued that he was denied a fair trial and is entitled to resentencing because of the trial court's failure to instruct the jury that bank larceny was a lesser included offense of bank robbery.  (Pet'r's Mot. at 4-13.)

In his first motion to supplement his habeas petition, Petitioner requested resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005), asserting that

the court can decide whether *Booker* is retroactive.  (Pet'r's Mot. To Supplement at 2; Pet'r's Supplement at 1.)

In his second supplement to his habeas petition, Petitioner contends that he is entitled to habeas relief because the federal sentencing guidelines improperly designated his bank robbery offense as a crime of violence.  (Pet'r's Second Supplement at 1.)  He contends that bank robbery is not a crime of violence under 18 U.S.C. § 16 and *Leocal v. United States*, 125 S. Ct. 377 (2004).  (*Id*. at 2, 5.)  Petitioner also argues that he is entitled to habeas relief because of the sentencing disparity between he and another defendant, Mark Joseph Gordon, who was indicted on ten counts of bank robbery and one count of attempt[ed] bank robbery, each of which involved intimidation, as opposed to force and violence.  (*Id*. at 8-14.)  Petitioner also asks for an evidentiary hearing as to his habeas claims.  (*Id*. at 14.)

In the instant case, Petitioner raises claims in his second supplement to his habeas petition that do not "clarify or amplify" the claims or theories in his first and second motions and his second supplement to his habeas petition must be transferred to the Sixth Circuit pursuant to the AEDPA.  *Thomas*, 221 F. 3d at 438.  Accordingly,

## IV.  CONCLUSION

IT IS ORDERED that Petitioner's "Second Supplement to Movant's Section 2255 Motion" [Dkt. # 127] is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 24, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522