**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH KENT COLBERT,

      Petitioner,

                                            Case No. 99-CR-80399

v.                                            Case No. 05-CV-70482-DT

UNITED STATES OF AMERICA,

      Respondent.

                                    /

**ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On October 25, 2005, Petitioner Joseph Kent Colbert filed a notice of appeal, in which he appealed the court's August 24, 2005 order granting the Government's "Motion to Transfer To the Court of Appeals Petitioner's Second Supplement To Movant's Section 2255 Motion." On November 9, 2005, the United States Court of Appeals for the Sixth Circuit notified Petitioner that it would not review Petitioner's appeal until this court issued an order addressing whether to certify any issue for appeal.

Under Federal Rule of Appellate Procedure 22, a district court that denies a motion under 28 U.S.C. § 2255 must issue an order either granting or denying a certificate of appealability before an applicant may appeal. *See* Fed. R. App. P. 22(b) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). In this case, however, no ruling on a certificate of appealability is required, because this court never reached the merits of Petitioner's §2255 motion. Instead, the

court transferred the case to the Sixth Circuit Court of Appeals as a second or successive habeas motion.

As explained in the court's August 24, 2005 order, Petitioner had previously filed a motion under 28 U.S.C. § 2255 and a motion to supplement that habeas petition. Thus, his second supplement to his habeas petition needed to "clarify or amplify" the claims or theories in his initial petition and first motion to supplement his habeas petition in order to avoid transfer to the Sixth Circuit pursuant to the AEDPA. *United States v. Thomas*, 221 F.3d 430, 438 (3d Cir. 2000).

Here, the court determined that Petitioner did not satisfy this standard and transferred to the United States Court of Appeals Petitioner's "Second Supplement to Movant's Section 2255 Motion." (*See* 8/24/05 Order at 4.) To the extent a ruling on a certificate of appealability is mandated by the Sixth Circuit, the court declines to issue a certificate because reasonable jurists would not disagree with the court's conclusion that Petitioner's second supplement to his initial habeas petition was a second or successive habeas petition that must be transferred to the Sixth Circuit Court of Appeals. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that district court should not grant a certificate of appealability unless "[t]he petitioner . . . demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Accordingly,

IT IS ORDERED that the court DECLINES to issue a certificate of appealability.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: December 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522